UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Ft. Lauderdale Division

In Re:

                                                Case No.: 13-31119-BKC-JKO

SRAI, INC.                                                Chapter 7
EIN # XX-XXX7489
    Debtor.
_____/

**OBJECTION TO TRUSTEE'S MOTION TO APPROVE STIPULATION AND COMPROMISE CONTROVERSY AND MUTUAL GENERAL RELEASE BY AND BETWEEN TRUSTEE AND (A) JADE HOLDINGS GROUP, LLC, (B) SURGERY CENTER OF BROWARD, LLC, (C) STRAX LONGEVITY INSTITUTE A/K/A STRAX WELLNESS, (D) COSMETIC SURGERY ASSOCIATES OF BOCA D/B/A BOCA NEW LOOK, (E) BOCA RATON SURGERY, (F) STRAX REJUVENATION OF BOCA RATON, AND (G) JEFF DAVIS**

      Comes Now the Creditor, DAMARIS MEJIAS, by and through her undersigned counsel, objects to the Trustee's Motion to Approve Stipulation and Compromise Controversy and Mutual General Release by and Between Trustee and (A) Jade Holdings Group, LLC, (B) Surgery Center of Broward, LLC, (C) Strax Longevity Institute a/k/a Strax Wellness, (D) Cosmetic Surgery Associates of Boca d/b/a Boca New Look, (E) Boca Raton Surgery, (F) Strax Rejuvenation of Boca Raton, and (G) Jeff Davis (hereinafter the "Motion") [ECF #102]. In support of the objection DAMARIS MEJIAS states as follows:

    1. This is a corporate Chapter 7 Bankruptcy case.

    2.    The Settlement Agreement, attached as Exhibit "A" to the Settlement Motion, sets forth the terms of the settlement between the Trustee and the Bankruptcy Estate wherein the Trustee proposes to settle the claim for $750,000.00 over five (5) years.

    3.    DAMARIS MEJIAS, requests that the proposed settlement be denied to the extent it does not provide an equitable resolution of her malpractice claim.

1

4.      Further, DAMARIS MEJIAS, hereby adopts and joins in the Objection of Christine Williams [ECF # 105] and the reasons and basis stated therein for the denial of the proposed settlement.

5.      Without being able to verify the accuracy of the Trustee's Calculations, DAMARIS MEJIAS cannot determine whether the settlement amount set forth in the Motion is in here best interest or the best interests of the Creditors.

6.      DAMARIS MEJIAS had entered into a settlement with the Debtor as a result of a medical malpractice claim. The settlement agreement was for $50,000.00, of which $41,000.00 was due and owing at the time this Bankruptcy was filed.

7.      Based upon the aforementioned, DAMARIS MEJIAS requests that the Trustee's Motion be denied.

WHEREFORE, DAMARIS MEJIAS requests the entry of an order sustaining the objection and denying the Trustee's Motion and for any and all other relief this Court deems just and proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the clerk of Court via the CM/ECF system this 28th day of November 2014, which will send a notice of electronic filing to: Scott N. Brown, Esq., Trustee, 1 S.E. Third Ave., Suite 1400, Miami, Florida 33131; Brett Amron, Esq., Counsel for the Trustee, 1 S.E. Third Ave., Suite 1400, Miami, Florida 33131; Marc P. Barmat, Esq., 2255 Glades Road #337, Boca Raton, Florida 33431; Office of the U.S. Trustee, 51 S.W. 1st Ave, Suite 1204, Miami, Florida 33130.

|  | Respectfully submitted, /s/ Matthew E. Mazur, Jr., Esq. Matthew E. Mazur, Jr., Esq Florida Health Law Center, PL 10200 West State Road 84, Suite 106 Davie, Florida 33324 Telephone: (954) 358-0155 E-mail: mm@flhealthlaw.com Florida Bar No.: 0144614 |
|---|---|